**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-23448-CIV-UNGARO/SIMONTON**
<u>**CONSENT CASE**</u>

**FERNANDO FRIDMAN,**

      **Plaintiff,**

**v.**

**BEEF EATER STEAK HOUSE, INC., et al.,**

      **Defendants.**

_____/

**CASE NO. 09-61828-CIV-UNGARO/SIMONTON**
<u>**CONSENT CASE**</u>

**YADER FLORES, et al.,**

      **Plaintiffs,**

**v.**

**BEEF EATER STEAK HOUSE, INC., et al.,**

      **Defendants.**

_____/

<u>**ORDER ON DEFENDANT'S MOTION TO COMPEL**</u>

      **Presently pending before the Court is Defendant Beef Eater Steak House, Inc.'s**

**Motion to Compel discovery from the Flores Plaintiffs (DE # 46).  The Flores Plaintiffs**

**have filed a response in opposition to the motion (09-61828-CIV, DE # 46).[1]  The last day**

**for Defendant to timely file a reply was May 13, 2010, and Defendant has not done so.**

**For the reasons stated below, Defendant's motion is granted in part.**

      **I.  <u>Defendant's Motion</u>**

      **Defendant asks this Court to compel the Flores Plaintiffs to provide documents**

_____

      **[1] The Flores Plaintiffs are again reminded to file all papers in both cases.**

responsive to Requests 8, 9 and 12 involving bank records, tax filings, and documents reporting Plaintiffs' earnings to third parties.  Defendant contends that the requested documents are relevant to show how much salary each Plaintiff received during the relevant time period (DE # 45).

II. <u>Plaintiffs' Response</u>

As to Request 8, Plaintiffs respond that while it is undisputed that Defendant paid them in cash, their bank account records are irrelevant because there is no way to associate cash deposits made into bank accounts by any of the plaintiff with any amount purportedly given in cash by Defendant to the Plaintiffs (09-61828-CIV, DE # 46 at 2-3). As to Requests 9 and 12, Plaintiffs state that they are not in possession, custody, or control of any responsive documents (09-61828-CIV, DE # 46 at 3-4).

III. <u>Analysis</u>

Request for Production 8 sought Plaintiffs' bank records for the period of time Plaintiffs worked for Defendants.  Plaintiffs responded that the request was irrelevant, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs Diaz, Pierre-Andre and Sanchez further responded that they received no monetary compensation from Defendant, so their bank records would not reflect any monies paid by Defendant.  Plaintiff Flores conceded that Defendant paid him in cash for a portion of his employment, but asserted that the cash received was not deposited in a bank account, but was utilized for Flores' daily expenses (DE # 45 at 2).

In their Complaint, the Flores Plaintiffs contend that they were not paid either minimum wages or overtime compensation (09-61828-CIV, DE # 1).  The undersigned finds that Plaintiffs' bank records during the time period they worked for Defendant is reasonably calculated to lead to the discovery of admissible evidence relating to what

compensation each Plaintiff actually received from Defendant.  It is almost always relevant to "follow the money".  The undersigned rejects that the Flores Plaintiffs' contention that because cash is fungible, their bank records would not prove how much Defendant paid them.  For example, while Plaintiffs' bank records do not indicate where a sum of money came from, the bank records, combined with questioning at deposition, may establish how much Defendant paid each of the Plaintiffs.  Therefore, the portion of Defendant's motion which seeks to compel production of documents responsive to Request 8 is granted.  On or before June 7, 2010, the Flores Plaintiffs shall produce to Defendant all documents within their possession, custody or control which are responsive to Request for Production 8.

Plaintiffs state that they are not in possession, custody, or control of any documents responsive to Requests 9 and 12.  Defendant has not controverted this assertion.  Therefore, the portion of Defendant's motion which seeks to compel production of documents responsive to Requests 9 and 12 is denied.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel discovery from the Flores Plaintiffs (DE # 46), is **GRANTED in part**.  On or before June 7, 2010, the Flores Plaintiffs shall produce to Defendant all documents within their possession, custody or control which are responsive to Request for Production 8.

**DONE AND ORDERED** in chambers, at Miami, Florida, on May 26, 2010.

*Andrea M. Simonton*

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

3

**Copies furnished to:**
**All counsel of record**